

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JOHN J. GARRETT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 7:05-1542-HFF-WMC |
| | § |
| B. LEE THOMAS, JIMMY DEAN JUSTICE, | § |
| DENA R. JUSTICE, FRANCIS O'BRIEN, | § |
| UNUMPROVIDENT INSURANCE CO., JIM | § |
| PERRY, TINA FOWLER, MIRIAM RUFF, | § |
| FIRST CITIZENS and UNIVERSAL | § |
| UNDERWRITERS, | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT O'BRIEN'S MOTION
TO DISMISS WITH PREJUDICE

This matter is before the Court on *pro se* Defendant Francis O'Brien's motion to dismiss. *Pro se* Plaintiff John J. Garrett initiated this action in the Spartanburg County Court of Common Pleas on February 28, 2005, seeking damages for negligence, negligent misrepresentation, fraud, conspiracy, intentional infliction of emotional distress, and breach of contract.

Defendants UnumProvident Insurance Company and B. Lee Thomas removed the case to this Court on May 31, 2005, on the basis of federal question jurisdiction. Plaintiff alleges that Defendants UnumProvident and Thomas, an agent for Defendant UnumProvident, through its claim practices set out to deprive him of his disability benefits under a group long term disability plan.

These defendants contend that Plaintiff's claims against them are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff alleges that Defendant O'Brien provided information "that was not supported by the facts" to Defendant Thomas in the course of his investigation into alleged insurance fraud by Plaintiff (comp. ¶ 55).

On July 12, 2005, Defendant O'Brien, the only defendant who is proceeding *pro se*, moved to be dismissed from the case. In his affidavit, Defendant O'Brien stated he wished for the complaint to be dismissed "in its entirety with prejudice" and that he "simply wishes to be left alone" (O'Brien aff. ¶2). By order of this Court filed July 12, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to Defendant O'Brien's motion.

On July 28, 2005, Plaintiff responded to the motion as follows:

> [A]fter reviewing Francis O'Brien's affidavits, answers, and responses find that the material differences have been misunderstandings of business definitions for business terms caused by the backgrounds of each party; and a lack of understanding by both parties of what the other was in fact saying or attempting to communicate.

(pl. resp. to m. to dismiss 1). Plaintiff went on to state that Defendant O'Brien's motion to dismiss should be granted without prejudice, although he did not state why the dismissal should be "without prejudice." In fact, having reviewed the record in its entirety, the Court can find no rationale basis for not dismissing the action *with* prejudice. To the extent that this finding is in error, however, Plaintiff is invited to file a motion under Rule 59 of the Federal Rules of Civil Procedure within ten (10) days of the filing of this Order. The motion, if filed, should set forth Plaintiff's arguments as to why the Court should, instead, dismiss the action without prejudice.

2

Based upon the foregoing, defendant O'Brien's motion to dismiss is **GRANTED** *with* prejudice.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.